# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:18-CR-21-2 JVB |
| VICTOR YOUNG | |

**OPINION AND ORDER**

This matter is before the Court on the motion of Defendant Victor Young (DE 79) to revoke the detention order entered by Magistrate Judge Andrew P. Rodovich (DE 51). The Government filed a response to the motion on May 25, 2018, to which Young has not responded.

**A.      Background**

In Count 1 of the indictment in this case, Young, along with eight other defendants, is charged with conspiring to possess and distribute crack cocaine and heroin. He is charged in Count 6 with distributing at least twenty-eight grams of crack cocaine. These offenses carry maximum sentences of at least ten years under the Controlled Substances Act. Four of his alleged co-conspirators are charged with murder in connection with the alleged drug conspiracy.

Judge Rodovich held a detention hearing on March 1, 2018, and, after having reviewed the indictment and bond report, receiving the government's proffer, and hearing the arguments of counsel, he ordered Young detained. He found there was probable cause to believe that Young had committed one or more offenses under the Controlled Substances Act for which a maximum term of imprisonment of ten years or more is prescribed, which gave rise to a rebuttable presumption under 18 U.S.C. § 3142(e)(3) that no condition or combination of conditions will

reasonably assure Young's appearance as required and the safety of the community. Young then requested review of the detention order under 18 U.S.C. § 3145(b), asking this Court to revoke the detention order and hold a hearing to determine conditions of release.

The Court has reviewed the transcript of the detention hearing, Judge Rodovich's detention order, Young's motion and the government's response, as well as the indictment and pretrial services report, in considering whether to alter the order. Because Young does not indicate in his motion that he has any new evidence to offer, another hearing is unnecessary.[1]

**B.      Applicable Law**

Under 18 U.S.C. § 3142(b), a judicial officer must order the pre-trial release of a defendant on his own recognizance or on the execution of an unsecured appearance bond unless the judicial officer determines that release on those terms will not reasonably assure the defendant's appearance, or will endanger the safety of any other person or the community. Title 18 U.S.C. § 3142(e)(1) requires detention if the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of any other person or the community. Title 18 U.S.C. § 3142(e)(3)(A) provides a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance and the safety of the community if the judge finds that there is probable cause to believe the defendant committed an offense punishable by a maximum term of at least

---

[1] Young states in his motion "[p]erhaps it would be helpful to invite an officer from Pretrial Services from the Northern District [of Illinois] to see if his or her office would have any difficulty monitoring Mr. Young." The Court already has the benefit of the opinion of a Pretrial Services Officer from the Northern District of Indiana. Moreover, it is not the Court's place to assist Mr. Young to develop evidence. Accordingly, the Court will not solicit the input of a Northern District of Illinois Pretrial Services Officer.

ten years under the Controlled Substances Act (21 U.S.C. 801 et seq.).

To determine whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of others, 18 U.S.C. § 3142(g) requires the judicial officer to take into account the available information concerning: the nature and circumstances of the offense charged; the weight of the evidence against the defendant; his history and characteristics, including his physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; whether at the time of the current arrest he was on probation, parole, or other release for another offense; and the nature and seriousness of the danger to any other person or the community posed by his release.

When a defendant challenges a magistrate judge's detention order, the district judge conducts a de novo review and need not defer to the magistrate judge's findings. *United States v. Shaker*, 665 F.Supp. 698, 701 (N. D. Ind. 1987) (citations omitted); *see also United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985).

### C.  Summary of the Evidence

According to the pretrial services report, Young is a forty-four-year-old man who has lived in Chicagoland and Northwest Indiana all his life. He has never been married but has fathered seven children. He told the probation officer that he has lived with his sister at an address in Calumet City for the past five years, but, according to his sister, he bounces around from house to house and stays at her home perhaps five days each month. He was last employed

about fifteen years ago at a furniture store. He has monthly rental income of $1,250 from a property in Calumet City that he bought outright for $80,000 about six years ago. He also has $3,500 in a checking account. He takes medications for high blood pressure, diabetes, and eye infections. He has a lengthy history of arrests from age eighteen to thirty-seven, and convictions for a controlled substance offense and disorderly conduct. He admits to having been a member of the Black Disciples street gang from the 1980s until 2000 or 2001.

At the detention hearing before Judge Rodovich, the government represented that its evidence would show that Young supplied virtually all the drugs—crack cocaine and heroin—for the conspiracy charged in Count 1 of the indictment and that there are recordings that show his involvment.

Young presented no evidence at the hearing, but asked Judge Rodovich to consider ordering home detention or home incarceration at an address in Calumet City, Illinois, where his fiancé resides with her mother and grandmother. He argued that he was charged with simply selling drugs and that there is no allegation that he has ever had a gun or threatened anyone. He pointed out that he has a twenty-five-year-old drug conviction but no criminal history that shows he is a danger to the community. His passport was confiscated during the execution of a search warrant, so that he would not be able to leave the country.

## C. Discussion

Young is alleged to be part of a multi-member conspiracy to possess and distribute large quantities of cocaine and heroin, that includes co-conspirators who are alleged to have committed murders in connection with the conspiracy. Moreover, according to the indictment,

4

the alleged conspiracy is not limited to the nine defendants before the Court in this case. Young makes no argument that probable cause to believe he committed the drug offenses charged against him is lacking.

Young admits to past gang membership. He has been unemployed for fifteen years but nothing in the record explains how he amassed the funds to buy a rental property during that time, inviting the inference that the funds were not acquired legally. Young argues that his criminal history does not show he presents a threat to physically harm others, but even if that were true, by virtue of the nature and circumstances of his alleged crimes, he presents a danger to the community in other ways. His associations cannot be effectively monitored outside a jail setting, giving rise to the danger that he could orchestrate drug deals or other nefarious acts if allowed to be detained at his fiancé's home.

**D.     Conclusion**

After considering the entire record in this case, the Court finds:

1. There is probable cause to believe Young committed an offense under the Controlled Substances Act punishable by a maximum term of imprisonment of at least ten years, giving rise to a statutory presumption that he should be detained.
2. The statutory presumption has not been sufficiently rebutted.
3. There is clear and convincing evidence that there are no conditions short of detention in a jail setting that will reasonably assure the safety of the community.

Accordingly, the Court **DENIES** Defendant Victor Young's motion (DE 79) to revoke the detention order entered by Judge Rodovich. Young shall remain in detention in the custody

of the U.S. Marshal.

SO ORDERED on June 14, 2018.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge